# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**June 8, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**SHELIA M. BROWN,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0708**  (BOR Appeal No. 2051018)
(Claim No. 2013028806)

**CAMC TEAYS VALLEY HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shelia M. Brown, by Patrick Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CAMC Teays Valley Hospital, by H. Dill Battle III, its attorney, filed a timely response.

The issue presented in the instant appeal is the denial of a request to add additional diagnoses as compensable components of Ms. Brown's claim for workers' compensation benefits. On July 22, 2014, the claims administrator denied the request to add displacement of a lumbar intervertebral disc without myelopathy, thoracic spine pain, sciatica, and displacement of a cervical intervertebral disc without myelopathy as compensable diagnoses.[1] The Office of Judges affirmed the claims administrator's decision in its Order dated December 11, 2015. This appeal arises from the Board of Review's Final Order dated June 27, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] Ms. Brown did not appeal the denial of the request to add thoracic pain as a compensable diagnosis to this Court.

1

Ms. Brown injured her lower back on April 3, 2013, while assisting a coworker in lifting a large patient during the course of her employment at CAMC Teays Valley Hospital. She initially sought chiropractic treatment with Tony Erwin, D.C. On April 22, 2013, Ms. Brown and Dr. Erwin completed a Report of Injury. In the report, Ms. Brown indicated that she injured her lumbar spine and sciatic nerve while assisting a patient on April 3, 2013. Dr. Erwin listed Ms. Brown's diagnoses as a lumbosacral sprain, a lumbar disc displacement, sciatica, and muscle spasms. A lumbar spine MRI performed on April 29, 2013, revealed a small disc protrusion at L5-S1. Ms. Brown's claim for workers' compensation benefits was held compensable for a lumbosacral joint ligament sprain on May 8, 2013.

On August 20, 2013, Ms. Brown was evaluated by neurosurgeon Panos Ignatiadis, M.D., amid continued lumbar spine complaints. Dr. Ignatiadis reviewed the April 29, 2013, lumbar spine MRI and opined that it revealed normal age-related degenerative changes at L3-5. He also observed a small disc protrusion at L5-S1, which he concluded is insufficient to render Ms. Brown a surgical candidate. Dr. Ignatiadis further opined that Ms. Brown sustained a lumbar sprain at the time of injury, and recommended that she undergo a course of physical therapy and a functional capacity evaluation. On August 27, 2013, Ms. Brown began a course of physical therapy at Generations Physical Therapy. She was diagnosed with lumbago, muscle spasms, lumbar radiculopathy, and impaired lumbar range of motion. After experiencing very minimal improvement, Ms. Brown voluntarily discontinued physical therapy on September 16, 2013.

Ms. Brown was evaluated by neurosurgeon Robert Crow, M.D., on November 4, 2013. Dr. Crow diagnosed Ms. Brown with lower back pain, lumbar radiculopathy, lumbar spondylosis, and disc degeneration/protrusion at L5-S1. Dr. Crow also opined that Ms. Brown is not a surgical candidate. Following Dr. Crow's evaluation, an electromyogram was performed with no evidence of radiculopathy found. Additionally, a repeat lumbar spine MRI performed on November 12, 2013, revealed significant improvement of the disc protrusion at the L5-S1 level.

Marsha Lee Bailey, M.D., performed an independent medical evaluation on January 9, 2014. Dr. Bailey noted that Ms. Brown reported a history of constant, radiating lower back pain. She also noted that Ms. Brown reported falling repeatedly, with a fall in September of 2013 resulting in a left shoulder injury. Dr. Bailey diagnosed chronic lower back pain without true radiculopathy. Additionally, Dr. Bailey noted that the repeat lumbar spine MRI performed on November 12, 2013, revealed significant improvement at the L5-S1 level, while an electromyogram did not reveal any evidence of radiculopathy. Dr. Bailey then opined that the findings revealed via MRI are not consistent with Ms. Brown's reported symptoms. She further opined that Ms. Brown's history of falling cannot be attributed to the April 3, 2013, injury because there is no identifiable lumbar spine pathology supportive of a theory that the falls are related to the April 3, 2013, injury. Likewise, Dr. Bailey opined that any injuries arising from the falls are not related to the compensable injury. On February 19, 2014, a functional capacity evaluation was performed, during which Ms. Brown tested at the light physical demand level. It was noted that Ms. Brown is currently experiencing neck pain in addition to ongoing lower back pain.

On May 15, 2014, Dr. Erwin completed a diagnosis update request. He listed Ms. Brown's primary diagnosis as a displaced lumbar intervertebral disc and her secondary diagnoses as thoracic pain, sciatica, and a cervical disc bulge. On July 22, 2014, the claims administrator denied Dr. Erwin's request to add a displaced lumbar intervertebral disc without myelopathy, thoracic pain, sciatica, and displacement of a cervical intervertebral disc without myelopathy as compensable diagnoses.[2] On August 21, 2014, Dr. Erwin authored a letter addressed to the claims administrator in which he requested authorization for ongoing chiropractic treatment. He opined that diagnostic imaging has revealed a lumbar disc herniation at L5-S1 and a cervical disc bulge at C3-4. Dr. Erwin then stated that Ms. Brown has fallen multiple times as a result of weakness in her left leg.

Finally, Dr. Bailey testified via deposition on August 11, 2015. She testified that the diagnosis of displacement of a cervical intervertebral disc made by Dr. Erwin represents a degenerative finding. Dr. Bailey noted that Ms. Brown's medical record contains no evidence of cervical spine complaints during the months following the compensable injury. She further testified that Ms. Brown did not report experiencing cervical spine and left shoulder pain until she experienced a fall which occurred well after the compensable injury. Further, Dr. Bailey opined that she does not believe that the fall during which Ms. Brown injured her left shoulder is related to the compensable injury. Regarding the diagnosis of a displaced lumbar intervertebral disc, Dr. Bailey testified that it represents a normal age-related finding. She then testified that diagnostic imaging reveals that the small disc protrusion at L5-S1 has greatly improved and opined that Ms. Brown's medical record does not contain evidence of an acute finding suggestive of injury-related pathology. Finally, Dr. Bailey testified that Dr. Erwin's diagnosis of sciatica is inaccurate because Ms. Brown did not exhibit symptoms associated with the diagnosis of sciatica during her evaluation.

In its Order affirming the July 22, 2014, claims administrator's decision, the Office of Judges held that Ms. Brown has failed to demonstrate that the additional diagnoses presently at issue are related to the compensable April 3, 2013, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated June 27, 2016. On appeal, Ms. Brown asserts that the evidence of record clearly demonstrates that the diagnoses of a displaced lumbar intervertebral disc, a displaced cervical intervertebral disc, and sciatica should be added as compensable components of her claim for workers' compensation benefits.

Regarding the request to add displacement of an intervertebral disc as a compensable diagnosis, the Office of Judges noted that the diagnostic imaging of record demonstrates that the mild L5-S1 disc protrusion revealed via the initial MRI has significantly improved. Additionally, the Office of Judges took note of Dr. Bailey's conclusion that the displaced lumbar disc is degenerative in nature and is unrelated to the compensable injury. Regarding the request to add a displaced cervical intervertebral disc as a compensable diagnosis, the Office of Judges found that Ms. Brown did not mention any cervical spine complaints until approximately one year after the compensable injury. Further, the Office of Judges found that Ms. Brown attributed her cervical spine complaints to a fall which she related to symptoms arising from the compensable injury.

---

[2] See *supra* note 1.

However, the Office of Judges found Dr. Bailey's conclusion that Ms. Brown's history of falling is unrelated to the compensable injury to be persuasive and, therefore, concluded that any injuries arising from the subsequent falls are not compensable. Finally, regarding the request to add sciatica as a compensable diagnosis, the Office of Judges found that the diagnosis of sciatica has been ruled out by Dr. Bailey. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4